368                    April 30, 2019                    No. 16

IN THE OREGON TAX COURT
REGULAR DIVISION

BAY AREA HOSPITAL
*Plaintiff,*

*v.*

OREGON HEALTH AUTHORITY,
*Defendant.*

(TC 5333)

Plaintiff, a hospital, asserted that the Regular Division had jurisdiction to hear its substantive claim that a hospital assessment fee was, in fact, a tax. Granting Defendant's motion to dismiss, the court determined that it lacked subject matter jurisdiction because an administrative remedy was available. When the legislature has not expressly conferred jurisdiction on the Tax Court and has made an administrative remedy available, the court does not have subject matter jurisdiction over a claim.

Submitted on Defendant's Motion to Dismiss.

William F. Gary, Harrang Long Gary Rudnick, PC, Eugene, filed the response for Plaintiff.

James C. Strong, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant.

Decision for Defendant rendered April 30, 2019.

**ROBERT T. MANICKE, Judge.**

## I.   INTRODUCTION

The 2017 legislature imposed a 0.7 percent charge on the "net revenue" of a class of hospitals (the "2017 Charge"). *See* Or Laws 2017, ch 538, §§ 26-41 (HB 2391 (2017)). Plaintiff claims that it is the only hospital in the class and that the 2017 Charge is a tax. Plaintiff seeks a declaration from this court[1] that, as a public body, Plaintiff is not subject to the 2017 Charge because the legislature failed to make an adequate "affirmative legislative declaration" of its intention to impose a tax on only one public body. Plaintiff's complaint is before the court on Defendant's Motion to Dismiss pursuant

---

[1] *See* TCR 1 C(1)(a) (requiring complaints for declaratory judgment under ORS chapter 28 to be filed directly in the Regular Division).

to Tax Court Rule (TCR) 21 A for lack of subject matter jurisdiction and for failure to state ultimate facts sufficient to constitute a claim.

The 2017 provisions are recent amendments[2] to uncodified portions of a 2003 law that established several mechanisms to generate revenue for health care purposes. Or Laws 2003, ch 736, §§ 1-74.[3] This case concerns one such mechanism, contained in sections 1 through 9 of the 2003 law,[4] which the court refers to collectively and with all amendments[5] as the "Hospital Assessment Law." As enacted in 2003, the Hospital Assessment Law provided for a single charge on the net revenue of certain hospitals (the "2003 Charge"). *Id.* § 2(1). The 2017 amendments added the 2017 Charge, in section 2(2) of the Hospital Assessment Law, as a second charge on the net revenue of a subset of hospitals. *See* Or Laws 2017, ch 538, § 28 (amending Or Laws 2003, ch 736, § 2). This order discusses primarily sections 1, 2, and 6 of the Hospital Assessment Law, reprinted below with all amendments and after accounting for a contingency expressed in the 2017 amendments:[6]

---

[2] Even more recently, on March 13, 2019, the Governor signed House Bill (HB) 2010 (2019). Among other changes, HB 2010 amended Oregon Laws 2003, chapter 736, section 10, by extending the sunset date of the 2003 Charge to September 30, 2025. HB 2010 is not relevant to this matter.

[3] The 2003 law also imposed charges on long-term care facilities as discussed below (sections 15 to 36) (the "Long-Term Care Assessment Law"), certain managed care organizations (sections 37 to 51), and programs of all-inclusive care for elderly persons (sections 52 to 63). The same law also enacted a film production income tax credit (sections 75 to 82) and modified a surtax on personal income (sections 83 to 85).

[4] Sections 10 to 14 of the 2003 law contained the operative dates and a sunset provision, none of which are relevant to this matter.

[5] *See* Or Laws 2005, ch 757, §§ 1-2; Or Laws 2007, ch 780, §§ 1-2; Or Laws 2009, ch 792, § 34; Or Laws 2009, ch 828, §§ 51-53; Or Laws 2009, ch 867, §§ 17-19; Or Laws 2011, ch 602, § 59; Or Laws 2013, ch 608, §§ 1-7 (among other things, shifting authority for refund claims under section 6 of the Hospital Assessment Law from Department of Human Services to Defendant); Or Laws 2015, ch 16, § 1; and Or Laws 2017, ch 538, §§ 26-37, 44.

[6] The 2017 law makes the operation of certain provisions contingent on a particular action by the federal Centers for Medicare and Medicaid Services (CMS). Section 44 of the 2017 law provides that the amendments in section 27 apply if the CMS do not take the action, and that the amendments in section 28 (which incorporate and further revise the amendments in section 27) apply if the CMS do take the action. *See* Or Laws 2017, ch 538, § 44. In connection with summary judgment proceedings in this case that are briefly noted below, Defendant supplied an uncontested declaration that the CMS took the specified action in October 2017.

"Sec. 1.   As used in sections 1 to 9, chapter 736, Oregon Laws 2003:

"(1)  'Charity care' means costs for providing inpatient or outpatient care services free of charge or at a reduced charge because of the indigence or lack of health insurance of the patient receiving the care services.

"(2)  'Contractual adjustments' means the difference between the amounts charged based on the hospital's full established charges and the amount received or due from the payor.

"(3)(a)  'Hospital' means a hospital licensed under ORS chapter 441.

"(b)  'Hospital' does not include:

"(A)   Special inpatient care facilities;

"(B)   Hospitals that provide only psychiatric care;

"(C)   Pediatric specialty hospitals providing care to children at no charge; and

"(D)   Public hospitals other than hospitals created by health districts under ORS 440.315 to 440.410.

---

(Def's Resp Ptf's Mot Summ J at 2 (citing Decl of Marlowe).) Accordingly, the text of section 2 of the Hospital Assessment Law, as amended by section 28 of the 2017 law, applies and is reprinted below. *See* Or Laws 2017, ch 538, § 28.

In addition, the court notes that a joint committee of the 2017 legislature referred portions of the 2017 law to the people for a special election. *See Parrish v. Rosenblum*, 362 Or 96, 98-102, 111-12, 403 P3d 786 (2017) (recounting history of HB 2391, enacted in part as Oregon Laws 2017, chapter 538, section 28; ordering modifications to ballot title). Section 27 of the 2017 law was among the referred provisions, which the people approved on January 23, 2018. *See* Ballot Measure 101 (2017); Official Voters' Pamphlet, Special Election, January 22, 2018, 16 (text of Measure 101); Or Sec'y of State, State Measure No. 101, Official Election Results, *available at* https://sos.oregon.gov/elections/Documents/results/january-2018-results.pdf (accessed Apr 23, 2019). Solely for the purpose of this order, the court concludes that section 44 of the 2017 law, when read together with the uncontested Marlowe declaration, provides that the amendments in section 28 of the 2017 law became operative on January 1, 2018, so that section 27 of the 2017 law was rendered inoperative before the people voted to approve it.

Finally, the court notes that section 29 of the 2017 law amends sections 27 and 28 by deleting the language imposing the 0.7 percent charge. Pursuant to section 44(1)(c) of the 2017 law, section 29 becomes operative on July 1, 2019. Accordingly, the 0.7 percent 2017 Charge is temporary in duration and is eliminated July 1, 2019. *See Parrish*, 362 Or at 108-09.

"(4)  'Net revenue':

"(a)  Means the total amount of charges for inpatient or outpatient care provided by the hospital to patients, less charity care, bad debts and contractual adjustments;

"(b)  Does not include revenue derived from sources other than inpatient or outpatient operations, including but not limited to interest and guest meals; and

"(c)  Does not include any revenue that is taken into account in computing a long term care facility assessment under sections 15 to 22, 24 and 29, chapter 736, Oregon Laws 2003.

"(5)  'Type A hospital' has the meaning given that term in ORS 442.470.

"(6)  'Type B hospital' has the meaning given that term in ORS 442.470 [(Or Laws 2003, ch 736, § 1; Or Laws 2009, ch 792, § 34; Or Laws 2017, ch 538, § 26)].

"Sec. 2.

"(1)  *An assessment is imposed on the net revenue of each hospital in this state.* The assessment shall be imposed at a rate determined by the Director of the Oregon Health Authority by rule that is the director's best estimate of the rate needed to fund the services and costs identified in section 9, chapter 736, Oregon Laws 2003. *The rate of assessment shall be imposed on the net revenue of each hospital subject to assessment.* The director shall consult with representatives of hospitals before setting the assessment.

"(2)  In addition to the assessment imposed by subsection (1) of this section, an assessment of 0.7 percent is imposed on the net revenue of each hospital in this state that is not a type A hospital or type B hospital.

"(3)  Each assessment shall be reported on a form prescribed by the Oregon Health Authority and shall contain the information required to be reported by the authority. The assessment form shall be filed with the authority on or before the 45th day following the end of the calendar quarter for which the assessment is being reported. Except as provided in subsection (6) of this section, the hospital shall pay the assessment at the time the hospital files the assessment report. The payment shall accompany the report.

"(4)(a)   To the extent permitted by federal law, assessments imposed under subsection (1) of this section may not exceed the lesser of:

"(A)   A rate of 5.3 percent; or

"(B)   In the aggregate, the total of the following amounts received by the hospitals that are reimbursed by Medicare based on diagnostic related groups:

"(i)   30 percent of payments made to the hospitals on a fee-for-service basis by the authority for inpatient hospital services;

"(ii)   41 percent of payments made to the hospitals on a fee-for-service basis by the authority for outpatient hospital services; and

"(iii)   Payments made to the hospitals using a payment methodology established by the authority that advances the goals of the Oregon Integrated and Coordinated Health Care Delivery System described in ORS 414.620 (3).

"(b)   Notwithstanding paragraph (a) of this subsection, aggregate assessments imposed under subsection (1) of this section on or after July 1, 2015, may exceed the total of the amounts described in paragraph (a) of this subsection to the extent necessary to compensate for any reduction of funding in the legislatively adopted budget for hospital services under ORS 414.631, 414.651 and 414.688 to 414.745.

"(c)   The director may impose a lower rate of assessment on type A hospitals and type B hospitals to take into account the hospitals' financial position.

"(5)   Notwithstanding subsection (4) of this section, a hospital is not guaranteed that any additional moneys paid to the hospital in the form of payments for services shall equal or exceed the amount of the assessment paid by the hospital.

"(6)(a)   The authority shall develop a schedule for collection of the assessment for the calendar quarter ending September 30, 2021, that will result in the collection occurring between December 15, 2021, and the time all Medicaid cost settlements are finalized for that calendar quarter.

"(b)   The authority shall prescribe by rule criteria for late payment of assessments [(Or Laws 2003, ch 736, § 2;

Or Laws 2007, ch 780, § 1; Or Laws 2009, ch 828, § 51; Or Laws 2009, ch 867, § 17; Or Laws 2013, ch 608, § 2; Or Laws 2015, ch 16, § 1; Or Laws 2017, ch 538, §§ 27, 28)]."

"Sec. 6.

"(1)  Any hospital that has paid an amount that is not required under sections 1 to 9, chapter 736, Oregon Laws 2003, may file a claim for refund with the Oregon Health Authority.

"(2)  Any hospital that is aggrieved by an action of the authority or by an action of the Director of the Oregon Health Authority taken pursuant to subsection (1) of this section shall be entitled to notice and an opportunity for a contested case hearing under ORS chapter 183 [(Or Laws 2003, ch 736, § 6; Or Laws 2013, ch 608, § 4)]."

*See* compilation of Hospital Assessment Law (as amended), first reprints of sections 1 and 2, *compiled as a note after* ORS 414.839 (2017) (emphases added to show portions primarily discussed in this order).

## II.  FACTS

For purposes of Defendant's motion, the court accepts as true the following facts alleged in Plaintiff's amended complaint:[7] Plaintiff is a hospital operated by the Bay Area Health District, a health district formed under what is now ORS chapter 440. Plaintiff is a public body, a special district, and a municipal corporation under Oregon law. Since 2003, Plaintiff has been subject to, and has consistently paid, the 2003 Charge on its net revenue under section 2(1) of the Hospital Assessment Law. In May 2018, Plaintiff also timely paid to Defendant its first quarterly amount of the 2017 Charge.

---

[7] On a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, the court's review is limited to the allegations, accepted as true, made in the complaint. *Gray v. Dept. of Rev.*, 23 OTR 220, 221 (2018). On a motion to dismiss for lack of subject matter jurisdiction, the court also may consider "matters outside the pleading, including affidavits, declarations and other evidence." *Work v. Dept. of Rev.*, 22 OTR 396, 397-98, *aff'd*, 363 Or 745, 429 P3d 375 (2018). As part of its response to Defendant's motion, Plaintiff submitted a declaration authenticating copies of the enrolled version of HB 3057 (2007) and of a staff measure summary, dated June 13, 2007, relating to the A-Engrossed version of that bill. In addition, Plaintiff filed a motion for summary judgment simultaneously with its response to Defendant's motion; in connection with its own cross-motion, Defendant filed the Marlowe declaration referred to above.

### III.   ISSUES

The first issue is whether this court has subject matter jurisdiction to decide Plaintiff's claim.

The second issue is whether Plaintiff has pleaded sufficient facts to state a claim upon which relief can be granted.

### IV.   ANALYSIS

A.   *Subject Matter Jurisdiction*

A number of statutes expressly provide for or preclude jurisdiction in this court. *See, e.g.*, ORS 118.410 (jurisdiction—estate tax); ORS 285C.140(9), ORS 285C.175(6), ORS 285C.240(9), ORS 285C.403(6) (jurisdiction for various claims under Oregon Enterprise Zone Act); ORS 294.461 (jurisdiction—making of tax levies under local budget law); ORS 403.230 (jurisdiction—emergency communications tax); ORS 111.025 (precluding jurisdiction—probate matters).[8] Where the legislature has neither expressly conferred nor precluded jurisdiction in this court, jurisdiction depends on whether the case fits within the general grant of exclusive jurisdiction in this court to hear all cases "arising under the tax laws of this state." ORS 305.410(1). In that statute, too, the legislature has expressly declared some laws to be "*not* tax laws of this state," and thus outside this court's jurisdiction, including some laws that the legislature characterizes as "taxes" and others that it characterizes as "fees," "assessments," or "contributions." *See* ORS 305.410(2) (emphasis added; listing 14 sets of laws). When no statute expressly resolves jurisdiction, the court determines whether a case "aris[es] under the tax laws of this state" using a framework that the Oregon Supreme Court and this court have developed over time. Of importance for this case, the Supreme Court has stated:

> "The tax court is limited to hearing cases which a statute places within its authority.
>
> "Where jurisdiction over a case is positively located in another court, then that procedural fact implies that the case is not one 'arising under the tax laws' and is not within the jurisdiction of the tax courts."

---

[8] Unless otherwise indicated, the court's references to the Oregon Revised Statutes (ORS) are to 2017.

*Sanok v. Grimes*, 294 Or 684, 692 n 6, 662 P2d 693 (1983) (quoting ORS 305.410). As this court explained in *Perkins v. Dept. of Rev.*, 22 OTR 370, 375 n 5 (2017):

> "The [tax] court's jurisdiction is limited in that it does not reach to claims affirmatively located elsewhere. The court's jurisdiction is exclusive in that, if a claim is within this court's jurisdiction, it cannot be within another court's jurisdiction absent a legislatively created exception."

Plaintiff argues that the Hospital Assessment Law is one of the "tax laws of this state" under ORS 305.410(1). Its substantive claim, which the court does not reach here, is that the 2017 Charge is a tax, as opposed to a fee, crafted to apply solely to Plaintiff, and that the legislature was prohibited from imposing the 2017 Charge on Plaintiff as a public body, absent an "affirmative legislative declaration" of its intention to do so. Plaintiff claims that the legislature vested this court, as a court of record authorized to declare the rights of parties, with jurisdiction to determine under ORS 28.010 whether the legislature violated that prohibition.

Defendant argues that this court lacks jurisdiction because the legislature has provided another means outside this court by which Plaintiff may seek relief, namely the administrative remedy of claiming a refund of the 2017 Charge pursuant to section 6(1) of the Hospital Assessment Law. If Defendant denies that refund claim, Plaintiff may request a contested case hearing under section 6(2) of the Hospital Assessment Law. It is Defendant's position that a contested case hearing will give Plaintiff the opportunity to fully litigate the issue of whether it is subject to the 2017 Charge. Thus, because the legislature has "positively located jurisdiction" over the 2017 Charge "in a forum other than the tax court," Defendant argues that the legislature did not intend the 2017 Charge to be one of the "tax laws of this state" subject to the tax court's jurisdiction.

In rebuttal, Plaintiff asserts that the legislature enacted section 6 of the Hospital Assessment Law solely as a mechanism to adjudicate overpayment claims made by hospitals seeking a refund. Plaintiff asserts that it is not seeking a refund, and that the availability of a refund does

not preclude jurisdiction in this court to issue a declaratory judgment.

The court first analyzes whether the legislature intended this court to have jurisdiction over the 2017 Charge generally, then turns to whether Plaintiff's request for declaratory relief changes the result. Because no statute expressly addresses whether this court's jurisdiction includes matters arising under the Hospital Assessment Law, the court looks to the test in *Sanok* to determine whether section 2(2) of the Hospital Assessment Law is a tax law of this state, examining the text, context, and relevant legislative history of that law based on *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (outlining analysis of text, context, and legislative history to the extent helpful, and general rules of construction to resolve any remaining uncertainty).

1.   *Text*

Section 6(1) of the Hospital Assessment Law states: "Any hospital that has paid an amount that is not required under sections 1 to 9, chapter 736, Oregon Laws 2003, may file a claim for refund with the Oregon Health Authority." It is undisputed that this provision applies to the 2017 Charge, which is imposed under section 2(2) of the Hospital Assessment Law. The next question is whether section 6 allows Plaintiff, as a public-body hospital, to base a claim for a refund on the legal theory that section 2(2) is invalid due to a failure of the legislature to affirmatively declare its intention to tax Plaintiff. Plaintiff contends that the legislature intended the procedure in section 6 to have the "single, narrow purpose" of refunding overpayment claims, and that it was not meant to adjudicate claims challenging the validity of the 2017 Charge. The court sees nothing in the text of section 6(1) that supports Plaintiff's argument; Plaintiff could simply allege that the entire amount it has paid is "not required" under section 2(2). Plaintiff ultimately acknowledges that Defendant, in adjudicating such a refund claim, would have authority to consider Plaintiff's legal argument. Based on the plain text, the court concludes that the legislature has vested jurisdiction in another forum (in this case, Defendant, followed by contested case proceedings and appellate review)

to adjudicate Plaintiff's claim, at least if Plaintiff chooses to claim a refund of the 2017 Charge amount.

The final question is whether, as Plaintiff asserts, the legislature intended that this court have jurisdiction to provide the declaratory relief Plaintiff seeks, even assuming that relief in the form of a refund is available in a different forum. Based on the relevant statutory text, the court concludes that the legislature did not intend this court to have the power to provide declaratory relief in this case. The court sees no substantive difference between the result Plaintiff seeks here and the result Plaintiff would obtain if it were to prevail in an administrative claim for refund. In this court, Plaintiff would receive a judgment "[d]eclaring that Plaintiff is not subject to" the 2017 Charge. Plaintiff has paid the 2017 Charge and has pointed to no reason, other than the requirement to pay that charge, why it objects to the 2017 amendments to the Hospital Assessment Law. Therefore, on the judgment it seeks in this court, Plaintiff would be entitled to a refund of amounts paid, although Plaintiff might need to take the additional step of formally requesting the refund.[9] Likewise, in a successful proceeding under section 6 of the Hospital Assessment Law, Plaintiff would obtain a "refund," but that refund would be based on a determination, explicit or implicit, that Plaintiff is not subject to the 2017 Charge. Given the similarity of ultimate results, the court finds nothing in the text of the Hospital Assessment Law suggesting that the legislature intended to create or preserve jurisdiction in this court specifically for the purpose of awarding declaratory relief.[10]

---

[9] Plaintiff's original complaint included a request for a specific declaration of its right to a refund; Plaintiff's amended complaint is identical except that it omits that request.

[10] Plaintiff also argues that the procedure under section 6(1) of the Hospital Assessment Law is "ill-suited" to adjudicate its claim and would "dramatically expand the amount of time required to obtain judicial review." The court does not find this argument persuasive. If Defendant were to deny Plaintiff's refund claim under section 6(1), Plaintiff would be entitled to a contested case hearing under the Administrative Procedures Act, the result of which would be reviewable in the Oregon Court of Appeals. *See* Hospital Assessment Law § 2(2); ORS 183.482(1). Although that procedure entails two steps before Plaintiff obtains judicial review, that result is consistent with the general requirement to exhaust administrative remedies, a time-honored doctrine that also persists in this court. *See Fields v. Dept. of Rev.*, 19 OTR 547, 550 (2009).

Moreover, the text of the Uniform Declaratory Judgments Act implies that that act does not create jurisdiction: "Courts of record *within their respective jurisdictions* shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS 28.010 (emphasis added). This court concludes that it must first have subject matter jurisdiction before it can declare the rights of the parties. The court finds nothing in the text of the Hospital Assessment Law or the Uniform Declaratory Judgments Act that authorizes this court to issue the declaration that Plaintiff seeks.

2. *Context*

The court's analysis of a statute's context includes "prior versions of the statute" and "other related statutes." *Jones v. General Motors Corp.*, 325 Or 404, 411, 939 P2d 608 (1997) (citations omitted). Plaintiff urges the court to consider the context provided by a 2007 law that amended numerous provisions of the 2003 law, including substantive changes to both the Hospital Assessment Law and the Long-Term Care Assessment Law. *See* Or Laws 2007, ch 780. Plaintiff argues that the 2007 legislature's decision to expressly define the Long-Term Care Assessment Law as *not* a tax law of this state by adding paragraph (n) to ORS 305.410(1)[11] implies that the 2003 Legislative Assembly intended to vest jurisdiction over both that law and the Hospital Assessment Law in this court. *Id.* § 29 (relying on the principle of *expressio unius est exclusio alterius*—"the expression of one implies the exclusion of another"). Plaintiff points out that the Hospital Assessment Law and the Long-Term Care Assessment Law were enacted in the same bill; they also contain materially identical provisions allowing an administrative process for refund claims. Plaintiff argues that the legislature would

---

[11] ORS 305.410(1)(n) reads:

"(1) *** [T]he tax court shall be the *** exclusive *** judicial authority for *** questions of law and fact arising under the tax laws of this state. For the purposes of this section *** the following are not tax laws of this state:

"*****

"(n) Sections 15 to 22, 24 and 29, chapter 736, Oregon Laws 2003, *relating to long term care facility assessments*."

(Emphasis added.)

not have needed to add ORS 305.410(1)(n) unless it intended that this court would otherwise have jurisdiction over cases involving the Long-Term Care Assessment Law, and Plaintiff imputes the same intention to the legislature with respect to the Hospital Assessment Law.

The court does not find Plaintiff's argument persuasive. The 2007 Legislative Assembly's decision to exclude the Long-Term Care Assessment Law from the jurisdiction of this court says nothing about the 2003 Legislative Assembly's intention regarding the Long-Term Care Assessment Law itself, let alone the Hospital Assessment Law. *E.g.*, *DeFazio v. WPPSS*, 296 Or 550, 561, 679 P2d 1316 (1984) ("The views legislators have of existing law may shed light on a new enactment, but it is of no weight in interpreting a law enacted by their predecessors.").

At the court's request, the parties provided supplemental explanations of their positions in light of legislative history, but the court finds nothing persuasive in those submissions. A staff summary, a question posed by one legislator, and the responses of witnesses from among groups affected by the 2007 changes all characterize the addition of ORS 305.410(1)(n) as a "removal" of Tax Court jurisdiction. *See*, https://olis.leg.state.or.us/liz/2007R1/Measures/Overview/HB3057 (accessed Apr 23, 2019). The witness responses state that the removal "applies just to" the Long-Term Care Assessment Law. *Id.* (quoting statement of Loren Rhodes).

When determining what the legislature intended, the court does not lightly ascribe statements of witnesses, or even of a single legislator, to the legislature as a whole, and the court declines to do so in this case. *See, e.g.*, *State v. Stamper*, 197 Or App 413, 424-25, 106 P3d 172, *rev den*, 339 Or 230, 119 P3d 790 (2005) ("[W]e are hesitant to ascribe to the Legislative Assembly as a whole the single remark of a single nonlegislator at a committee hearing."). More fundamentally, however, in this case the limited content of the 2007 statements makes them of little assistance to the court. Although they convey the impression that the speakers held a subjective belief that this court had jurisdiction over matters arising under the Long-Term Care Assessment Law, the statements give no reasoning for that belief. The

2007 legislative history gives no guidance to this court about how to apply the legal framework of longstanding case law. No one discussed the jurisdiction of this court in light of the administrative remedy available under the Long-Term Care Assessment Law or its materially identical counterpart under the Hospital Assessment Law. Accordingly, even if the court were able and inclined to overlook the fact that the 2007 statements cannot declare the legislature's intention from two sessions before, the court could give no weight to the 2007 statements.

   3.   *Legislative history of the Hospital Assessment Law*

   The court has reviewed the legislative history of the Hospital Assessment Law, some of which the parties also supplied at the court's request, and has found nothing to help determine whether the Tax Court has subject matter jurisdiction over Plaintiff's claim for declaratory relief from the 2017 Charge.[12]

B.   *Failure to State a Claim*

   Because this court lacks subject matter jurisdiction, it does not reach whether Plaintiff has failed to state ultimate facts sufficient to support a claim upon which relief can be granted.

---

[12] The court has reviewed the written legislative history materials of the following laws amending Oregon Laws 2003, chapter 736, sections 1 to 9: Or Laws 2005, ch 757, § 2; Or Laws 2009, ch 828, §§ 51-53; Or Laws 2009, ch 867, §§ 17-19; Or Laws 2009, ch 729, § 34; Or Laws 2011, ch 602, § 5; Or Laws 2013, ch 608, §§ 2-5, 7; Or Laws 2015, ch 16, § 1.

In addition, the court has reviewed oral testimony from the proceedings relating to the following laws: Or Laws 2003, ch 736, §§ 1-14; Or Laws, ch 780, §§ 1-2; Or Laws 2017, ch 538, §§ 26-52.

Finally, the court also has reviewed the text of Ballot Measure 101 and its enactment history, notwithstanding the court's conclusion, discussed above, that for purposes of this order the text referred to voters relating to the 2017 Charge had been rendered inoperative prior to the date of the special election. *See* 23 OTR at 369 n 6; *see also Parrish v. Rosenblum*, 362 Or 96, 98-102, 111-12, 403 P3d 786 (2017) (recounting history of HB 2391); Voters' Pamphlet at 15-47 (containing explanatory statement and arguments in favor of and in opposition to Measure 101). The court has found nothing that assists with the jurisdiction analysis. While the voters' pamphlet contained evidence of a robust public debate, neither the arguments in favor nor those in opposition indicate voters intended to vest jurisdiction over the 2017 Charge in this court.

## V.   CONCLUSION

After reviewing Defendant's Motion to Dismiss and Plaintiff's response and being fully advised of the premises, the court finds that the motion should be granted. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.