IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MARIO MUSIL                            )
and JOYCE MUSIL,                       )
                                       )
            Plaintiffs,                )      TC-MD 210054N
                                       )
      v.                               )
                                       )
CLACKAMAS COUNTY ASSESSOR,             )
                                       )      **ORDER OF DISMISSING PLAINTIFFS'**
            Defendant.                 )      **APPEAL OF THE 2019-20 TAX YEAR**

This matter came before the court on Defendant's motion to dismiss ("motion"), filed

March 23, 2021, requesting that Plaintiffs' Complaint be dismissed. During a case management

conference held on April 13, 2021, the parties agreed to a written briefing schedule on

Defendant's motion. The parties filed briefs in accordance with that schedule and the motion is

now ready for the court's determination.

## I. STATEMENT OF FACTS

Defendant moves to dismiss Plaintiffs' Complaint because it was untimely and because

Plaintiffs have failed to state a claim for relief under ORS 305.288. (Def's Ans at 1.) Because

Defendant moves to dismiss for failure to state ultimate facts sufficient to constitute a claim for

relief, the court's review is limited to allegations, accepted as true, made in the Complaint. [1]

Plaintiffs appeal the 2019-20 and 2020-21 values of a single-family dwelling identified as

Account 05032001 (the subject property) that was built in 2018. (Compl at 1; Ptfs' Ltr at 3 (Mar

17, 2021).) Following the completion of the dwelling, Defendant added exception value to the

---

[1] When the basis for the motion is a failure to state ultimate facts sufficient to constitute a claim for relief, "the court's review is limited to 'the facts alleged in the complaint, accepting those facts as true.'" *Work v. Dept. of Rev.*, 22 OTR 396, 397-98 (2017), *aff'd* 363 Or 745, 429 P3d 375 (2018) (quoting *Douglas County v. Smith*, 18 OTR 450, 453 (2006)).

roll for the 2019–20 tax year for the real market value ("RMV") of the new improvements on the land. (Ptfs' Ltr at 3-4 (Mar 17, 2021).) The previous owner did not appeal the assessed RMV or maximum assessed value ("MAV") for that year. (Def's Ans at 1.) Plaintiffs purchased the subject property on May 29, 2020 for $690,000. (Ptfs' Ltr at 5 (Mar 17, 2021).)

For the 2020-21 tax year, Defendant determined the subject property's RMV was $785,471 and its MAV was $510,386. (*See* Compl at 2.) Plaintiffs appealed the 2020-21 value of the subject property to the Clackamas County Board of Property Tax Appeals (BOPTA), which reduced the 2020-21 RMV to $681,375. (*See* Compl at 2.) BOPTA sustained the MAV. (*Id*.) Plaintiffs filed this appeal on March 11, 2021.[2] (*Id*. at 3.) Plaintiffs seek a reduction of the 2020-21 MAV to $413,955. (Ptfs' Resp at 1.)

In addition to appealing the subject property's 2020-21 MAV, Plaintiffs allege that the 2019-20 RMV and MAV were incorrectly assessed and request a reduction for that year. (*Id*.) Although Plaintiffs dispute the 2019-20 RMV and MAV, they have not indicated what they believe the RMV and MAV for the 2019-20 tax year should be.

## II. ANALYSIS

The issue presented is whether the court may hear Plaintiffs' appeal of the 2019-20 tax year even though it was not first appealed to BOPTA.

After the county tax assessor sends a taxpayer their annual tax statement, the taxpayer can appeal the RMV, MAV, and assessed value (AV) to BOPTA. ORS 309.100(2); ORS 309.026.[3] Such appeals must be filed by December 31 of the calendar year the taxpayer receives the tax statement. ORS 309.100(2). After BOPTA has issued its order, either the taxpayer or the

---

[2] The Complaint was deposited in the United States mail on March 11, 2021, so it was deemed filed on that date. ORS 305.418.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

ORDER DISMISSING PLAINTIFFS' APPEAL OF THE 2019-20 TAX YEAR  TC-MD 210054N                                                                                                    2

county can appeal that order to this court within 30 days of the order. ORS 305.275; ORS 305.280(4). If the BOPTA order is not appealed within 30 days, the taxpayer can nonetheless appeal to this court under ORS 305.288 provided the taxpayer can demonstrate that there is a difference in the assessed RMV and requested RMV of a single-family dwelling of at least 20 percent, or if there is "good and sufficient cause" for the taxpayer's failure to pursue the statutory right of appeal. ORS 305.288(1), (3).

A.      *Appeal to BOPTA*

Plaintiffs purchased the property in 2020. The previous owner, who owned the subject property during the window to appeal to BOPTA for the 2019-20 tax year, was the only party to have standing to appeal to BOPTA for the 2019–20 tax year. *See Zervis v. Dept. of Rev.*, 20 OTR 79, 84, WL 107929 at *3 (2010) (noting that prior owner could have appealed to the assessment). Plaintiffs do not contend that the previous owner filed an appeal to BOPTA. Even if the previous owner had appealed to BOPTA, neither Plaintiffs nor the previous owner filed an appeal to this court within 30 days of an order.

B.      *Whether Plaintiffs May Appeal Under ORS 305.288*

When there is no statutory right of appeal remaining, taxpayers may still appeal to this court for the current or past two tax years under certain circumstances. *See* ORS 305.288. The current tax year is defined as the tax year in which the appeal is filed. ORS 305.288(5)(a); ORS 306.115(5). When an appeal is filed under ORS 305.288, this court can only order a change or correction of the assessment and tax roll if the taxpayer can meet the requirements of either of two paths. ORS 305.288(1), (3). First, this court shall order a change if the property is a particular type of dwelling and if the difference between the RMV listed on the roll and the

RMV the taxpayer asserts is greater than 20 percent.[4]  ORS 305.288(1).  Second, this court may order a change if the taxpayer can show "good and sufficient cause" that explains why the statutory right of appeal was not pursued.  ORS 305.288(3).

> 1.  *Substantial valuation error for residential property under ORS 305.288(1)*

This court has the authority to hear Plaintiffs' appeal of the 2019–20 tax year if Plaintiffs can meet the requirements of ORS 305.288(1).  First, the property must have been "used primarily as a dwelling * * * and was and is a single-family dwelling * * *."  ORS 305.288(1)(a).  Plaintiffs contend, and Defendant does not dispute, that the subject property was and is a single-family dwelling.  (Def's Reply at 1; Compl at 1.)  Second, the difference between the RMV listed on the tax roll and the RMV Plaintiffs assert must be greater than 20 percent of the value listed on the roll.  ORS 305.288(1)(b); *Gray v. Dept. of Rev.*, 23 OTR 220, 223, WL 6722660 at *2 (2018).

Defendant argues that Plaintiffs have not indicated a requested RMV for the subject property for the 2019–20 tax year.  (Def's Reply at 1.)  Plaintiffs assert the subject property's 2019-20 MAV should be "below $413,955" and contend that the difference between that value and the MAV reflected on the rolls of $510,386 is greater than 20 percent.  (Ptfs' Resp at 1–2.)  However, ORS 305.288(1)(b) requires a difference in RMV, not MAV.  ORS 305.288(1)(b).  Plaintiffs have not identified a requested RMV for the 2019–20 tax year, so they have not stated ultimate facts sufficient to constitute a claim under ORS 305.288(1)(b).  Even assuming Plaintiffs request an RMV of $681,000 for the 2019-20 tax year, equal to the 2020-21 BOPTA value, that value does not meet the 20-percent error test.

---

[4] Ultimately, Plaintiffs must also prove that an error of at least 20-percent exists.  At this stage of the proceeding, however, an allegation is sufficient.

2.      *Good and sufficient cause under ORS 305.288(3)*

The court may order a change or correction to the tax roll if taxpayer can show "good and sufficient cause" as to why the statutory right of appeal was not pursued. ORS 305.288(3). "Good and sufficient cause" is defined as an "extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). "Good and sufficient cause" does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information." ORS 305.288(5)(b)(B). When a taxpayer appeals a year in which the taxpayer did not own the property, the taxpayer must show why the prior owner failed to timely pursues its right of appeal. *Zervis*, 20 OTR at 84. To appeal the 2019–20 tax year, Plaintiffs must demonstrate "good and sufficient cause" for the prior owner's failure to pursue the statutory right to appeal. *Id*. Plaintiffs have not alleged any facts concerning the prior owner's failure to appeal the 2019-20 tax year. Accordingly, the court may not hear this appeal under ORS 305.288(3).

C.      *Plaintiffs' Claim Under ORS 306.115*

Plaintiffs cite to ORS 306.115, which provides the Department of Revenue with general supervisory powers over the system of property taxation throughout the state. (Ptfs' Resp at 3.) That statute gives the department—not the court—discretionary authority to order changes or corrections to the tax rolls. ORS 306.115(3).[5] Plaintiffs have not presented any evidence that they pursued a correction of the 2019-20 tax year with the department. To the extent that Plaintiffs may have a claim under ORS 306.115, that claim is premature.

---

[5] "The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

D. *Uniformity Issue*

Plaintiffs argue that the subject property's 2019-20 MAV should be reduced to ensure that the tax laws are being "applied equally" between Plaintiffs and other property owners and taxpayers in the county and area. (Ptfs' Resp at 4.) Specifically, Plaintiffs allege that Defendant, "by arbitrarily choosing to make certain corrections to the Tax Assessment and choosing not to make other related corrections has placed the Plaintiffs on an unequal footing in relation to the property owners with similar size and similarly aged homes." (*Id.*) In support, Plaintiffs cite to "the 14th Amended of the US Constitution – "Equal Protection Clause" and "Section 20 of the Oregon State Constitution – "Equality of Privileges and Immunities of Citizens Clause[.]" (*Id.*)

The court understands Plaintiffs argument here to be based on a lack of uniformity in Defendant's assessments of MAV.[6] This court has recognized that, due to the artificial nature of MAV assessments, some nonuniformity will arise in the property tax system. *Ellis v. Lorati*, 14 OTR 525, 535, WL 103209 at *5 (1999). Article XI, Section 11(18) of the Oregon Constitution expressly exempts the MAV from uniformity provisions in the Constitution. Or Const, Art XI, § 11(18). Even if there is nonuniformity between the subject property's MAV and the MAV of other taxpayers within the area, this nonuniformity is constitutional in Oregon. That fact is insufficient to form a claim upon which relief may be granted.

---

[6] Article 1, Section 20 of the Oregon Constitution relates to equal protection and "is a guarantee against unjustified denial of equal privileges and immunities to individual citizens" and applies to "inequity in the administration of laws" as well as "legislative enactments." *State v. Clark*, 291 Or 231, 239, 630 P2d 810 (1981). As applied to individuals, Article 1, Section 20, prohibits the denial of privileges or immunities "without legitimate reasons related to the person's individual situation." *Id*. Typically, this may be avoided by applying legal standards or other "formal or informal criteria" provided the standard itself does not provide for disparate treatment based on personal characteristics such as race, sex, ethnic background etc. *Id*. at 239-40; *see also Haldeman v. Dept. of Rev.*, 20 OTR 183 (2010). Plaintiffs have not alleged that Defendant failed to apply a legal standard in assessing the subject property or that the property tax laws at issue involve distinctions based on protected characteristics. The same analysis applies in analyzing the "Equal Protection Clause" under the 14th Amendment of the U.S. Constitution. *Clark*, 291 Or at 243. However, Article I, Section of the Oregon Constitution provides for uniform taxation between the "same class of subjects within the territorial limits" of the taxing authority. The court considers that provision briefly above.

### III. CONCLUSION

Upon careful consideration, the court concludes that Defendant's motion should be granted. Plaintiffs' appeal of the 2019-20 tax year must be dismissed because it was not timely filed and Plaintiffs have not satisfied the requirements for appeal under ORS 305.288. Any claim Plaintiffs could have under ORS 306.115 is premature. Although Plaintiffs are concerned about equal assessment, the calculation of MAV for properties are exempted from the relevant uniformity provisions of the Oregon Constitution. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted. Plaintiffs' appeal of the 2019-20 tax year is dismissed.

IT IS FURTHER ORDERED that Plaintiffs must, within 30 days of the date of this order, notify the court and Defendant, in writing, if they wish to challenge the subject property's 2020-21 RMV and identify their requested 2020-21 RMV.[7] Failure to do so will result in entry of an order dismissing the case.

Dated this ___ day of July 2021.

ALLISON R. BOOMER
PRESIDING MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on July 16, 2021.***

---

[7] During the case management conference held April 13, 2021, the court understood Plaintiffs' appeal to concern the 2019-20 tax year, not the 2020-21 tax year. (*See* Journal Entry, Apr 13, 2021). Nevertheless, Plaintiffs included the 2020-21 tax year in their Complaint, so the court provides this opportunity to clarify their appeal.