IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CALCAGNO FRESH FARMS, LLC,    )
    )
    Plaintiff,    )    TC-MD 240681G
    )
    v.    )
    )
MORROW COUNTY ASSESSOR,    )
and DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )    **ORDER ON DEPARTMENT OF**
    Defendants.    )    **REVENUE'S MOTION TO DISMISS**

This matter came before the court on the department's Answer to Amended Complaint and Motion to Dismiss, which seeks dismissal of Plaintiff's primary claim for relief.[1]  Plaintiff makes two claims in its Amended Complaint.  The primary claim is for the court to reclassify the subject as agricultural rather than state-appraised industrial and remand to the county assessor for a new appraisal.  Alternatively, Plaintiff asks for a reduction in the subject's 2024-25 tax roll real market value and assessed value.

In its motion, the department argues that neither the statute governing determination of appraisal responsibility, ORS 306.126,[2] nor its implementing regulation, OAR 150-306-0100,[3] allow for appeals of property classification.  Plaintiff does not dispute that characterization of the law, and the court is unaware of any statute specifically allowing appeals of properties' classification as state-appraised industrial.

/ / /

---

[1] The subject is identified as Account 12873 in the assessor's records.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

[3] Oregon Administrative Rules (OAR)

There remains a general right of appeal under ORS 305.275, which is available to persons "aggrieved by and affected by an act, omission, order or determination" of a taxing authority. Under that statutory text, a person must be "aggrieved" to appeal. Aggrievement requires "an interest in the outcome—an interest beyond that shared with the general public—such as pecuniary or other interest peculiar to the person who claims to be aggrieved." *Northwest Medical Laboratories, Inc. v. Good Samaritan Hospital & Medical Center*, 309 Or 262, 268, 786 P2d 718 (1990). "Typically, aggrievement in the Tax Court is premised on a pecuniary interest, namely the imposition or amount of tax." *Christensen v. Dept. of Rev.*, 23 OTR 155, 191 (2018). Claims requesting relief from acts that do not aggrieve the plaintiff are subject to dismissal. *See id*. at 191-92 (dismissing claims "because there is no evidence that Taxpayer was aggrieved").

Here, Plaintiff asks the court to reclassify the subject and remand the case to the county assessor for a determination of value. There is no dispute that Plaintiff is aggrieved by the 2024-25 tax roll values; if its alternative valuation claim succeeded, Plaintiff's tax assessment would be reduced. However, Plaintiff's primary claim seeks to change the subject's classification without the court making an inquiry into its valuation.

This court has declined to order a change in property classification where the classification does not affect value. *Linstrom v. Dept. of Rev.*, 24 OTR 223, 229 (2020) (seeing "no point" in changing property classification where value unaffected). Plaintiff has given no reason to suppose that the subject's classification—as opposed to its highest and best use— would be significant in determining the subject's value here.

Plaintiff argues that the court must decide the classification claim in order to determine whether it has subject-matter jurisdiction over the valuation claim. Plaintiff points to ORS 305.403(1), which authorizes direct appeals of state-appraised industrial property values without

petitioning the county property value appeals board.[4]  Plaintiff infers from that statute that direct appeals of other property types are outside this court's subject-matter jurisdiction.

Plaintiff's argument conflates the court's jurisdiction with the taxpayer's right to relief. The two concepts are distinct.  This court has subject-matter jurisdiction over "all questions of law and fact arising under the tax laws of the state."  ORS 305.410(1).  However, taxpayers are not entitled to relief simply because there is a tax-law issue.  Rights to obtain relief over another party's objection come from a number of different statutes.

> "Those statutes may dictate the relief available in a given situation, but it does not limit or define the scope of this court's jurisdiction provided for in ORS 305.410. Stated differently, courts can and do err in the interpretation and application of law—that does not mean courts act without jurisdiction in all such cases."

*Work v. Dept. of Rev.*, 22 OTR 396, 403 (2017), *aff'd*, 363 Or 745, 429 P3d 375 (2018).  Thus, the question is not necessarily whether the court has jurisdiction, but whether there is a statute authorizing the relief claimed in the complaint.  *See*, *e.g.*, *Clark v. Dept. of Rev.,* 16 OTR 51, 52 (2002) ("[f]or taxpayer to state a claim in this matter, he must identify an Oregon statute providing for [the requested relief] and, if successful, allege sufficient facts to bring himself within the protection of the identified statute"), *aff'd,* 335 Or 419, 69 P3d 718 (2003).

Here, the court clearly has subject-matter jurisdiction over Plaintiff's valuation appeal. Whether or not the property is industrial, the question of its value "aris[es] under the tax laws of this state" because real market value is a factor in determining the tax base.  *See* ORS 305.410(1); 308.146(2).  There is no need to examine the subject's classification to determine the court's jurisdiction here.

/ / /

---

[4] ORS 305.403(1) states: "An appeal by a taxpayer dissatisfied with the assessed value or specially assessed value of land or improvements of a state-appraised industrial property must be brought in the tax court."

Plaintiff has not established either a statutory right to appeal the subject's industrial classification or its own standing to bring such a claim, and Plaintiff's concerns about the court's jurisdiction are unfounded. Now, therefore,

IT IS ORDERED that the department's motion be granted in part: Plaintiff's claim for the court to reclassify the subject as agricultural rather than state-appraised industrial is hereby dismissed.

IT IS FURTHER ORDERED that the parties confer regarding Plaintiff's remaining claim as to the subject property's 2024-25 real market value and file a status report within 30 days.

_____
POUL F. LUNDGREN
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Magistrate Poul F. Lundgren and entered on September 25, 2025.*