Philip SHERMAN
and Vivian Sherman,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4612)

Philip and Vivian Sherman, Plaintiffs (taxpayers) filed the motion *pro se*.

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered July 24, 2003.

## HENRY C. BREITHAUPT, Judge.

This matter is before the court on a Motion to Dismiss filed by Defendant Department of Revenue (the department) and a Notice of Cross-Motion for Summary Judgment filed by Plaintiffs (taxpayers).

## I. FACTS

From the pleadings and other writings filed in this case, and taking all matters pled or asserted by taxpayers as true, it appears that:

(1) Taxpayers own a houseboat that was assessed in Multnomah County personal property account P350010 for the 2001-02 tax year;

(2) Taxpayers requested that the real market value (RMV) and maximum assessed value (MAV) for the property in the account be reduced under ORS 308.146(5) by reason of destruction or damage due to an act of God, being low-water conditions that necessitated dredging of the area of the Columbia Slough lying under taxpayers' houseboat; and

(3) The appeals by taxpayers to the Multnomah County Board of Property Tax Appeals and to the Magistrate and Regular Divisions of this court have only been taken with respect to account P350010.

## II. ANALYSIS

■     A houseboat or floating home is personal property. *See* ORS 307.190(2)(c).[1] Water rights are real property. ORS 307.010(1). The account in question contained only the houseboat owned by taxpayers. Taxpayers do not allege that the houseboat itself was damaged or destroyed by low-water conditions. Rather, they assert that they have riparian rights in the water under the houseboat and those water rights were damaged by low-water levels.

■■     Under Oregon ad valorem tax law, the distinction between real and personal property is critical. For example, liability for real property tax is an *in rem* obligation, whereas

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

personal property taxes are a personal liability of the owner of the property. In addition, the contents of the tax account are of critical importance under *Flavorland Foods v. Washington County Assessor*, 334 Or 562, 54 P3d 582 (2002). *Flavorland* establishes that the property tax account is the determinative "unit of property in this state" for purposes of the property tax regime under Ballot Measure 50. *Id.*

■    Even if the arguments asserted by taxpayers as to whether they may have riparian rights in the water under their houseboat are correct,[2] those water rights are real property under Oregon law. The tax account that is the subject of this appeal does not include the alleged water rights. Taxpayers have not alleged that those water rights, if they exist, were assessed in a property tax account as to which they have standing to appeal.[3] Nor have they alleged necessary facts regarding whether any other property is in any account containing the water rights and, if so, the RMV and MAV of such other property. Without such facts, the propriety of requested relief cannot, under *Flavorland*, be determined. Taxpayers appeal must be dismissed. Now, therefore,

IT IS ORDERED that Plaintiffs' Notice of Cross-Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that Plaintiffs shall have 30 days from the date of this order within which to file an amended complaint. Costs to Defendant.

---

[2] Taxpayers do not take into account that Oregon ceased to be a "riparian rights" state in 1909. *See Kinross Copper Corp. v. State of Oregon*, 160 Or App 503, 520-24, 981 P2d 833 (1999) (discussing the progression of water rights in Oregon from the common law of riparian rights to the rule of prior appropriation and the actions of the Oregon legislature in 1909).

[3] Taxpayers argue they are owners of riparian land but have not pled that ownership. Under ORS 305.275, appeal to this court is only available to persons who are the owners of property affected by an act, omission, or order of taxing authorities described in the statute or persons whose interest in property obligates them to pay taxes on the property. *See* ORS 305.275(1)(b).