Phillip SHERMAN
and Vivian Sherman,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4612)

Philip Sherman and Vivian Sherman, Plaintiffs (taxpayers), filed the cross motion for summary judgment *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the Motion to Dismiss Amended Complaint for Defendant (the department).

Decision for Defendant rendered January 30, 2004.

## HENRY C. BREITHAUPT, Judge.

## I. INTRODUCTION

This matter is before the court on a Motion to Dismiss Amended Complaint filed by Defendant Department of Revenue (the department). The Amended Complaint was filed pursuant to leave granted by the court in its order filed July 24, 2003. *Sherman v. Dept. of Rev.,* 17 OTR 132 (2003). That order granted a Motion to Dismiss because Plaintiffs (taxpayers) had not alleged facts sufficient to establish that they had standing to complain of a loss in the value of rights in water flowing under a houseboat owned by taxpayers. Taxpayers have filed an Amended Complaint, the sufficiency of which the department challenges.[1]

As discussed in the earlier order of this court, the pleadings show that taxpayers own a floating home. A high water condition may have caused damage, but it was not damage to the floating home. Taxpayers have argued the damage was to riparian water rights. Those rights, if they exist, were not reflected in the tax account as to which taxpayers appealed.

Taxpayers have now filed an Amended Complaint in which they do not allege ownership of riparian rights. Instead, taxpayers allege they are owners of a membership certificate in an Oregon nonprofit corporation (the Association) that did own the riparian rights. They further allege:

1. Their rights as members of the Association were assessed by Multnomah County.

2. Their membership certificate represents their rights to an undivided interest in all assets of the Association.

3. A flood represented an act of God that damaged the riparian rights and, pursuant to ORS 308.146(5)(a),[2] should have resulted in a reduction in the maximum assessed value of their property as well as in the real market value of the property.

---

[1] The department's motion has attached to it an affidavit of a Multnomah County official. Because the Tax Court Rules do not contemplate use of affidavits when motions to dismiss are filed under TCR 21 A(8), the affidavit has been disregarded.

[2] All references to the Oregon Revised Statutes (ORS) are to 1999.

## II. ISSUE

Have taxpayers pleaded facts sufficient to state a claim for relief?

## III. ANALYSIS

Taxpayers still have not pleaded that they owned riparian rights or that such rights were in the tax account as to which the prior proceedings in this matter, including at the board of property tax appeals, were held. Their allegation, in fact, is that the rights, if they exist, are owned by the Association, an Oregon nonprofit corporation. Far from directly asserting that the county tax officials assessed riparian rights, taxpayers assert their rights as members in the Association were assessed and that they have an undivided ownership interest in the properties of the Association.

As to assessment of membership rights, the record demonstrates no intangible property was assessed to taxpayers. That is consistent with the basic rule in Oregon that intangible property is not subject to taxation except in the case of centrally assessed properties. ORS 307.030(2). As to the allegation that they own some interest in Association property, taxpayers' misunderstanding of the law of corporations is basic. The Association, a corporation, owns its property. *See* ORS 65.077(4); ORS 65.531. Members of the Association own certain intangible rights in the entity, but do not own undivided interests in the actual assets of the corporation. Accordingly, even if riparian rights existed and were damaged, taxpayers have not sufficiently alleged that they owned those rights so as to have standing to appeal under ORS 305.275, or that the rights were in a tax account properly before the court.

## IV. CONCLUSION

Taxpayers' Amended Complaint should be dismissed pursuant to TCR 21 A(8), without leave to replead. The department's motion to dismiss should be granted. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss Amended Complaint is granted, and

IT IS FURTHER ORDERED that Plaintiffs' amended complaint is dismissed.