No. 5 March 4, 2020 83

IN THE OREGON TAX COURT
REGULAR DIVISION

Alexsandr SHEVTSOV,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE
and Clackamas County Assessor,
*Defendants.*

(TC 5392)

Taxpayer appealed the Magistrate Division's dismissal of his complaint as untimely. On a motion to dismiss the complaint in the Regular Division, the court upheld the magistrate's dismissal. The magistrate had correctly determined that taxpayer filed his complaint one day after the regular filing deadline. Taxpayer argued that the extended filing deadline for certain property containing a "dwelling" applied under ORS 305.288(1)(a), but the court held that the extended filing deadline did not apply because the property lacked a fixed building or structure.

Submitted on Defendant-Intervenor's Motion to Dismiss.

Kathleen J. Rastetter, Clackamas County Counsel, Oregon City, filed the motion for Defendant-Intervenor Clackamas County Assessor.

Plaintiff Aleksandr Shevtsov filed the response *pro se*.

Decision for Defendants rendered March 4, 2020.

**ROBERT T. MANICKE, Judge.**

Plaintiff (taxpayer) appeals from a Magistrate Division decision dismissing his complaint as untimely. Defendant-Intervenor (the "Assessor") has moved to dismiss the complaint in this division of the court as well, on the grounds that (1) the magistrate correctly determined that the complaint in the Magistrate Division was untimely filed; (2) taxpayer likewise filed his complaint in this division untimely; and (3) taxpayer is ineligible for relief from the filing deadline in either division of the court because his property is not within the definition of a "dwelling" as that term is used in ORS 305.288.[1]

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2017 edition. References to court rules are to those in effect for 2019.

The court starts with the Assessor's second assertion, that the complaint in this division was untimely. The court finds no evidence supporting the Assessor's assertion. The Magistrate Division entered its Decision of Dismissal on August 5, 2019. ORS 305.501(5)(a) requires any party appealing a Magistrate Division decision to file a complaint in the Regular Division "within 60 days after the date of entry of the [magistrate's] written decision." Although, according to Tax Court Rule (TCR) 9 B(5), "filing" of a paper document such as taxpayer's complaint generally occurs when the court receives the document and "endorses or stamps" it with the date and time of receipt, ORS 305.418 overrides that rule and deems a complaint sent by the United States Postal Service to have been filed on the date shown on the postmark. The postmark on the envelope containing taxpayer's complaint in this division shows that he mailed it on October 4, 2019, the 60th day. Taxpayer's complaint in this division is timely.

The court agrees with the Assessor, however, that taxpayer's complaint in the Magistrate Division was not timely. Under ORS 305.280(4), taxpayer was required to file his complaint in the Magistrate Division "within 30 days after the date of *** the date of mailing of the order [of a county board of property tax appeals]." This case involves two property tax accounts, and thus two such orders. Both were mailed on March 12, 2019. The 30th day after March 12 was April 11. Taxpayer mailed his complaint to the Magistrate Division on April 12, 2019, as shown on the postmark on the envelope. April 11, 2019, was a Thursday and was not a holiday. As the magistrate concluded, taxpayer filed his complaint in the Magistrate Division one day late.[2]

Finally, the court addresses taxpayer's claim for relief from the regular filing deadline in the Magistrate Division based on subsection (1) of ORS 305.288.[3] Subsection (1)

---

[2] Plaintiff asks the court to add three days to the filing deadline because he mailed his complaint to the court. This argument fails because the rule that adds three days to the deadline, by its plain terms, "does not apply to the period for filing a complaint in the Magistrate Division ***." Tax Court Rule-Magistrate Division 3 A(3).

[3] A separate provision in the same statute, subsection (3), offers an alternative ground for relief from the regular deadlines for a timely appeal: The court must determine that "good and sufficient cause" exists for the failure to

allows a valuation appeal to proceed for the current tax year and the two preceding years if two conditions are met.[4] First, the property must meet the "dwelling" requirements in ORS 305.288(1)(a). Second, the taxpayer's requested change in value must be equal to or greater than 20 percent of the property's RMV as shown on the assessment roll, as provided in ORS 305.288(1)(b).

The "dwelling" requirements are that the property (1) be "used primarily as a dwelling (or [be] vacant)" and (2) be "a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home." ORS 305.288(1)(a). The property must satisfy both dwelling requirement (1) and dwelling requirement (2). The Assessor asserts that the property is "vacant," referring to staff observations that no building or structure is on the land. The court observes that there may be some ambiguity in the term "vacant" as used in requirement (1). The court need not address the meaning of "vacant," however, if the property does not satisfy dwelling requirement (2), to which the court now turns.

Taxpayer does not argue that his property includes a "condominium unit, a manufactured structure or a floating home." Therefore, taxpayer's property satisfies requirement (2) only if the property includes a "dwelling," specifically a single-family dwelling or a multifamily dwelling of not more than four units.

---

file timely. *See* ORS 305.288(3). Taxpayer has asserted only that the difference between the property's actual RMV and the RMV shown on the roll is equal to or greater than 20 percent; he has not appealed under subsection (3).

[4] ORS 305.288(1) provides:

"The tax court shall order a change or correction applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any or all of those tax years, if all of the following conditions exist:

"(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home.

"(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."

The legislature has not defined "dwelling" for purposes of ORS 305.288. The court therefore analyzes the term using the Oregon Supreme Court's template in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009) (prescribing analysis of statutory text, context and, where appropriate, legislative history). The court turns first to the dictionary definition of "dwelling" to determine the plain meaning of the term. *See Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 295-96, 337 P3d 768 (2014) (seeking plain meaning in dictionary definition). The "dwelling" requirements first appeared relatively recently, in a 1991 predecessor to ORS 305.288.[5] *Webster's* defines "dwelling" as "a building or construction used for residence." *Webster's Third New Int'l Dictionary* 706 (unabridged ed 2002). The *American Heritage Dictionary* defines the term more broadly as "[a] place to live in; an abode." *American Heritage Dictionary of the English Language* 558 (5th ed 2011).

As between the two possibilities, the statutory context confirms that the legislature intended the term "dwelling" to refer to a fixed building or structure. First, the introductory portion of ORS 305.288(1) makes clear that the relief is available only for a "separate assessment of property." This phrase refers to a "parcel" of property consisting of land together with "buildings, structures and improvements thereon." *See* ORS 308.215(1)(a)(E), (F); *Gray*, 23 OTR at 233. A "parcel," however, does not include personal property (generally, moveable items such as vehicles), because the assessor must record personal property on the roll pursuant to a different set of criteria. *See* ORS 308.215(1)(b). By referring to a "separate assessment of property," the legislature indicated its intent that the 20-percent difference in value be measured by the value of all real property comprising the parcel.[6]

---

[5] As explained in *Gray v. Dept. of Rev.*, 23 OTR 220, 245 (2018):

"In 1991, the legislature moved the provisions governing retrospective correction of *residential* property from ORS 306.115 to a new provision codified as ORS 306.116. Or Laws 1991, ch 459, §§ 32, 32a. This change also removed the gross error provisions from ORS 306.115, thereby limiting the availability of gross error relief to residential properties under new ORS 306.116 (1991)."

(Emphasis in original.)

[6] Where the legislature intended to afford the benefit of ORS 305.288(1) to an item of personal property, it did so specifically, by naming manufactured structures and floating homes. *See* ORS 308.875 (manufactured structure classified as personal property unless owned by the same person owning the land on which it

Second, in the same bill in which the legislature first adopted the predecessor to ORS 305.288(1), the legislature amended several other property tax statutes containing the word "dwelling." *See* Or Laws 1991, ch 459. In each of those statutes, the legislature used the term "dwelling" consistently with the meaning of a fixed building or structure. *See, e.g.*, ORS 307.169 (1991) (amended by Or Laws 1991, ch 459, § 46) (exemption for fallout shelters "located in structures used as dwellings"); ORS 308.229(4)(b) (1991) (amended by Or Laws 1991, ch 459, § 95) (separately listing "dwelling," "other structures," and "land" in defining "homesite" for purposes of forestland special assessment); ORS 308.377(3) (1991) (amended by Or Laws 1991, ch 459, § 121) (similar for farm use special assessment); *see also* ORS 308.372(3)(a)(A) (1991) (amended by Or Laws 1991, ch 459, § 117a) (referring to land "under dwellings" for purposes of farm use special assessment); *see generally Gray*, 23 OTR at 251-52. Neither party has identified any relevant legislative history. Accordingly, the court concludes that the property must include a building or structure in order to satisfy the "dwelling" requirement (2).

The Assessor filed a declaration of an appraisal manager employed in the Assessor's office, who testified that he inspected the property and found no signs of a structure on the property. Taxpayer filed a response repeating his general assertion that "the property is residential," but he did not address or refute the Assessor's evidence that no structure is on the property. The magistrate's decision states that taxpayer asserted before the magistrate that he lives in a van on the property. Even if that is the case, the lack of a structure prevents the property from qualifying as a "dwelling" within the meaning of requirement (2) in ORS 305.288(1)(a).

The court therefore grants the Assessor's motion and orders this case dismissed as having been untimely filed in the Magistrate Division. Now, therefore,

IT IS ORDERED that Defendant-Intervenor's motion to dismiss is granted.

---

sits); *Sherman v. Dept. of Rev.*, 17 OTR 132, 133 (2003) (floating home is personal property pursuant to ORS 308.190(2)(c)).