IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| ALEKSANDR SHEVTSOV, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5442** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | **ORDER GRANTING DEFENDANT-** |
| | ) | **INTERVENOR'S MOTION FOR** |
| Defendant-Intervenor. | ) | **SUMMARY JUDGMENT** |

This order should be read together with the court's ruling of today in TC 5441. Terms used in this decision have the meanings assigned in that decision.

Plaintiff's complaint, on appeal from a decision of dismissal in the Magistrate Division, asks the court to reduce the real market value (RMV) of the subject property, which is listed on the county's records under account No. R542590. Plaintiff seeks relief for tax years 2019-20 and 2020-21. The county has moved for summary judgment dismissing Plaintiff's complaint. The county's motion, in effect, asks the court to uphold the RMV shown on the roll and to deny the reduction Plaintiff seeks. Plaintiff resists the motion.

All of the claims, issues, evidence, and arguments concerning the property in TC 5441 apply identically to the property in this case, except that the facts and arguments differ to the

extent discussed below regarding Issues 2 and 4 (relief under ORS 305.288(1) for tax years 2019-20 and 2020-21).

As discussed in the decision in TC 5441, relief is available under ORS 305.288(1) if all of the following conditions apply:

> (a) The property "was or is used primarily as a dwelling (or is vacant)";
>
> (b) The property "was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home";
>
> (c) A request is made to reduce the RMV by at least 20 percent compared to the RMV on the roll; and
>
> (d) The court determines that the RMV is at least 20 percent less than the RMV on the roll.

*See generally Shevtsov v. Dept. of Rev.*, 24 OTR 83, 85-87 (2020) (explaining requirements of ORS 305.288(1) in the context of parcel in Clackamas County held by Plaintiff).

Whereas the property in TC 5441 was "bare/vacant land," in this case, the parties agree that the subject property was or is used primarily as a "single-family dwelling" within the meaning of ORS 305.288(1). (Inv's Mot Summ J at 5-6.) Thus, the conditions numbered (a) and (b) above are satisfied. The issue in this case is whether conditions (c) or (d) are satisfied.

Plaintiff has requested an RMV of "$300,000" for each of the tax years 2019-20 and 2020-21. (Ptf's Compl at 1.) The county put forward evidence--an employee declaration and an authenticated copy of the county's "appraisal card"--that the RMV on the roll was $355,120 for tax year 2019-20 and $357,570 for tax year 2020-21. (Inv's Decl of Elliott at 2; Ex C at 1.) Plaintiff has put forward no contrary evidence. As a matter of arithmetic, the RMV Plaintiff requests is only approximately 16 percent less than the RMV on the roll for each year. Based solely on this evidence, it is clear that the condition (c) above is not satisfied. The court need not, and does not, reach a conclusion as to condition (d) because all conditions must be satisfied

before the court can grant relief. The court will grant the county's motion with respect to Issues 2 and 4.

The court will grant the county's motion with respect to Issues 1 and 3 for the reasons stated in the decision in TC 5441.

Having decided all issues in favor of the county, the court concludes that dismissal in the Magistrate Division was appropriate. Now, therefore,

IT IS ORDERED that Defendant-Intervenor's Motion for Summary Judgment is granted.

Dated this 5th day of February, 2024.

2/5/2024 11:52:42 AM

Judge Robert T. Manicke