IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CATHRYN R. HOPSON,         )
         )
    Plaintiff,        )   TC-MD 230459N
         )
   v.         )
         )
DOUGLAS COUNTY ASSESSOR,         )
         )
    Defendant.        )   **ORDER ON MOTION TO DISMISS**

Plaintiff filed her Complaint on November 30, 2023, challenging the value of property identified as Account R19365 (subject property) for the 2021-22 and 2023-24 tax years. (Compl at 1.) Plaintiff alleges that an error exists in the subject property's 2021-22 maximum assessed value (MAV) and appeals Defendant's refusal to correct that error. (*Id.* at 1, 3.) Defendant moved to dismiss Plaintiff's Complaint because Plaintiff failed to first appeal to the board of property tax appeals (board) and no other statute supports her requested relief. (*See* Def's Ans and Mot to Dismiss; Def's Supp Mot to Dismiss.[1]) The parties submitted written briefing on Defendant's motion to dismiss and the motion is now ready for determination.[2]

## I. STATEMENT OF FACTS

For the 2021-22 tax year, Defendant determined that "Exception RMV" of $12,921 existed, multiplied it by the "CPR" of .719, and added "Exception MAV" of $9,290 to the

---

[1] Defendant initially moved to dismiss only the 2021-22 tax year. (*See* Def's Ans and Mot to Dismiss at 1.) Subsequent briefing clarified that Plaintiff's appeal for the 2023-24 tax year also concerns the alleged error for the 2021-22 tax year. (*See generally* Ptf's Resp to Mot to Dismiss (seeking correction of "the error in 2021" through "reestablishment of the correct MAV in 2023.") Thus, the court understands Defendant's motion to dismiss as applying to Plaintiff's entire appeal. (*See* Def's Supp Mot to Dismiss at 7 (stating "*this case* should be dismissed on procedural grounds" (emphasis added).)

[2] Plaintiff filed a Motion to Compel Discovery on January 23, 2024. Because Plaintiff's Motion was her first request for documents in this case, Defendant treated it as such and filed a Response on January 31, 2024. Based on Defendant's Response, the discovery matter appears resolved and requires no ruling from the court.

subject property's "base MAV." (*See* Compl at 6; Def's Ans at Mot to Dismiss at 1.) Plaintiff makes various arguments that Defendant erred when it added exception value for the 2021-22 tax year. (Compl at 5-6; Ptf's Resp Jan 11, 2024.) Her arguments include that the new property was minor construction, general ongoing maintenance and repair (GOMAR), or existed on a different property tax account. (*See id.*)

Plaintiff first learned about the exception value in November 2022, during "an informal meeting" at Defendant's office. (Ptf's Resp at 2, Jan 11, 2024.) During that meeting and in a subsequent meeting with Defendant in July 2023, Plaintiff sought an accounting of Defendant's exception value calculation. (*See id.*) She was unable to obtain an accounting because none existed. (*See id.*) On November 3, 2023, Plaintiff submitted to Defendant an Application for Correction of MAV for the tax year beginning July 1, 2023, alleging that the 2021-22 exception value was added in error for minor construction. (Compl at 5.) Defendant denied the application stating, "[w]e are not able to process your application since * * * [it is] not for the current tax year, which is the 2023-24 tax year." (*Id.* at 3.)

Plaintiff maintains that the subject property's 2023-24 MAV should be $132,907, based on removing the 2021-22 exception value. (Compl at 1, 6.)

## II. ANALYSIS

The issue presented is whether there is any legal basis for the court to consider Plaintiff's claims concerning subject property's 2021-22 exception value and resulting MAV. Although Plaintiff bears the burden of proof by a preponderance of the evidence, on a motion to dismiss the court views Plaintiff's factual allegations as true. *See Hoyt Street Properties v. Dept. of Rev.*, 18 OTR 313, n1 (2005) (reviewing the standard for a motion to dismiss);[3] ORS 305.427 (general

---

[3] The specific standard in *Hoyt Street* applies to facts alleged in the *complaint*, but the court here extends that review to facts alleged in the parties' briefs because the Magistrate Division complaint form is a simple one-

burden of proof).[4]  The court considers each of the statutory avenues for appeal identified by the parties in turn: to the board, to this court under the circumstances in ORS 305.288, from an error correction under ORS 311.205, and for a MAV correction under ORS 311.234.

A.      *Property Valuation Appeals First Filed with Board of Property Tax Appeals*

Defendant maintains that Plaintiff may not appeal to this court because she was required to first appeal her valuation dispute to the board.  (Def's Supp Mot to Dismiss at 2, citing ORS 309.100 and ORS 305.275(3).)  Plaintiff responds that she did not appeal to the board because it "does not address the amount of tax you pay."  (Ptf's Resp to Supp Mot to Dismiss at 1.)  She does not view her appeal was "a valuation dispute" but rather "an accounting dispute, a calculation dispute, an unauthorized redefinition of MAV terms dispute.  (*Id.*)

As Defendant noted, ORS 305.275(3) states that a taxpayer may not appeal to this court if the taxpayer may appeal to the board.  *See also River Vale Limited Partnership v. Dept. of Rev.,* 24 OTR 468, 480 (2021) (describing "the regular annual property tax valuation dispute process" that begins at the board).  Plaintiff maintains that her requested relief falls outside of the board's jurisdiction.  ORS 309.026(2) states that the board "shall hear petitions for the reduction of" assessed value, real market value, and MAV, among other things.  Thus, Plaintiff's request to reduce the subject property's 2021-22 MAV by removing the exception value is squarely within the board's jurisdiction.[5]  Plaintiff's attempt to narrow or recharacterize the nature of the dispute

---

page document and because Magistrate Division proceedings are designed to provide "an informal and easy to use process * * *."  *See* Tax Court Rule-Magistrate Division (TCR-MD) 1 A(1); Preface to TCR-MD.

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[5] As this court has explained on numerous occasions, exception value refers to an exception to the general rule that MAV cannot increase by more than three percent per year.  *See, e.g., Richter v. Deschutes County Assessor*, TC-MD 230044N, 2024 WL 1132254 (Or Tax M Div, Mar 15, 2024).

is unavailing because the ultimate issues are the 2021-22 RMV and MAV.[6]

Plaintiff was required to appeal to the board for the 2021-22 tax year and failed to do so. As a result, her appeal is barred by ORS 305.275(3) unless another statute supports her requested relief.

B.    *Limited Right of Appeal Under ORS 305.288 Where No Appeal to Board*

Even though Plaintiff failed to timely appeal to the board, her appeal for the 2021-22 tax year may proceed under ORS 305.288 if she *either* alleges a 20 percent error in the subject property's real market value *or* demonstrates "good and sufficient cause" for failing to pursue her statutory right of appeal to the board.  *See Shevtsov v. Dept. of Rev.*, 24 OTR 83 (2020) (discussing ORS 305.288).  As Defendant notes, it does not appear that Plaintiff has alleged a 20 percent error in the subject property's 2021-22 real market value, and she did not affirmatively claim that she was entitled to relief under ORS 305.288(1).  (*See* Def's Supp Mot to Dismiss at 2 (indicating the subject property's 2021-22 RMV without exception value was $177,134 and the exception value was $12,921, which is less than eight percent).)  Plaintiff is therefore left to demonstrate "good and sufficient cause" under ORS 305.288(3) for failing to pursue her statutory right of appeal to the board.

"Good and sufficient cause" is defined as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal[.]"  ORS 305.288(5)(b)(A).  It "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."  ORS 305.288(5)(b)(B).

---

[6] Plaintiff correctly identifies statutory exclusions from the exception for new property or new improvements, such as minor construction and GOMAR.  *See* ORS 308.149(6)(b).  But those exceptions apply in the context of determining the amount of exception value, if any, and ultimately, the MAV.

In this case, Plaintiff would have to demonstrate good and sufficient cause for failing to appeal the subject property's 2021-22 MAV to the board. Plaintiff did not explain why she did not appeal to the board, other than her mistaken belief that it lacked jurisdiction to hear her claim to remove the 2021-22 exception value. A mistaken belief about the board's jurisdiction is lack of knowledge, which is not "good and sufficient cause." Plaintiff referenced conversations with Defendant or Defendant's staff in November 2022 and July 2023, but those were after the time to appeal to the board for the 2021-22 tax year and could not, therefore, have been the cause of Plaintiff's failure to appeal. *See* ORS 309.100(2) (petitions to board due by December 31 of the current tax year); ORS 308.007(1)(c) ("tax year" is 12-month period starting on July 1).[7]

The court may not hear Plaintiff's 2021-22 tax year appeal under ORS 305.288 because she has not alleged a 20 percent error in the subject property's 2021-22 real market value or demonstrated good and sufficient cause for failing to appeal to the board.

C. *Assessor's Authority to Correct Errors Under ORS 311.205*

Plaintiff argues that her appeal may proceed because it is "about errors affecting MAV under ORS 311.205." (Ptf's Resp at 1, Jan 11, 2024.) Specifically, she argues that Defendant included "non-exception property" in the MAV so she is entitled to a correction. (*Id.*) Defendant responds that ORS 311.205 gives the assessor discretion to correct certain errors but does not provide taxpayer with a right of appeal. (Def's Supp MODM at 3-4.)

This court has previously considered whether ORS 311.205 grants taxpayer a right to appeal when taxpayer believes that an error exists on the tax roll. *Woody Family Properties, LLC v. Jackson County Assessor*, TC-MD 200188N, 2021 WL 3141210 (Or Tax M Div, Jul 26,

---

[7] The 2021-22 tax year began on July 1, 2021, and petitions to the board were due on January 3, 2022, which was the first business day after the weekend and New Year's Day holiday observed January 2, 2022.

2021). Notwithstanding a few prior cases that appeared to reach the substance (whether the error was clerical or not) before denying the appeal, the court in *Woody* concluded that the text and context of ORS 311.205 does not support a taxpayer's right to appeal under that statute. Plaintiff has no right to appeal under ORS 311.205 because Defendant has not made a correction.[8]

D.      *Assessor's Authority to Correct Errors Under ORS 311.234*

The final possible basis for Plaintiff's appeal is the petition for a MAV correction she submitted under ORS 311.234(1) for the 2023-24 tax year that Defendant denied. ORS 311.234(1) allows a property owner to petition the assessor for a MAV correction for the current tax year if one of two sets of circumstances are met. The first circumstance is a square footage error. ORS 311.234(2)(a). The second circumstance is "new property, or new improvements to property, added to the tax roll in a prior tax year did not exist as of the assessment date for that prior tax year or any subsequent tax year." ORS 311.234(2)(b). In the second circumstance for nonexistent property, the assessor determines a correction to reflect "the removal of the new property or new improvements to property from the assessment and tax rolls * * *." ORS 311.234(3)(b)(A). The correction "[m]ay not be made" where the assessor determines the new property or new improvements existed and "the petition is best construed as demonstrating a difference in the nature, extent or value" of the new property or new improvements. ORS 311.234(3)(b)(B).[9]

Turning to the parties' positions, Defendant acknowledges the second circumstance in ORS 311.234(2)(b) addresses nonexistent property. However, Defendant maintains that it does

---

[8] If the assessor makes a correction under ORS 311.205 that increases the assessment, a taxpayer may appeal that correction to this court. *See* ORS 311.205(4) (authorizing appeal and giving procedures).

[9] The second circumstance for correcting MAV was added to ORS 311.234 in 2015 and was effective for property tax years beginning on or after July 1, 2015. 2015 Or Laws ch 97, sec 1, 3. A court has not previously construed the new provisions of ORS 311.234 to guide this court on the how this provision should be applied.

not apply here because "[t]he property that triggered the MAV exception did in fact exist on the 2021 assessment date and on subsequent assessment dates." (Def's Ans at 2-3; Def's Supp Mot to Dismiss at 1.) Plaintiff's response focuses primarily on whether the 2021-22 exception value was minor construction or GOMAR that should not have been added to MAV. (Ptf's Resp at 1, Jan 11, 2024, at 1-3.) But Plaintiff also alleges Defendant:

> "did not add square footage for the living space she claims is new, that is, the (imaginary) conversion of an (imaginary) enclosed porch to a guest house which is shown on Exhibit 1 to exist on another parcel. Given that *the guest house is not even on this parcel*, we have stumbled onto our answer as to why no square footage was added. *The relief, then, is to remove the enclosed porch, conversion, and guest house values from the R19365 appraisal and resultant assessment.* When I brought this situation to the assessor's attention personally in her office in July, 2023, she agreed to remove the entry, but refused to remove the associated value. As it relates to this complaint for R19365, *it being nonexistent property*, its RMV certainly should not have been market trended."

(*Id.* at 3 (emphasis added).[10])

Plaintiff's allegation that the subject property's 2023-24 assessment includes nonexistent property – an enclosed porch converted to a guest house – presents facts that, when presumed true, may qualify for a 2023-24 MAV correction under ORS 311.234(2)(b). Because a motion to dismiss requires the court to assume Plaintiff's factual allegations are true, the court finds that Plaintiff has alleged facts sufficient to constitute a claim under ORS 311.234(2)(b). The scope of this claim is limited to whether the subject property's 2023-24 MAV included nonexistent property previously added as new property or new improvements and, if so, any correction necessary under ORS 311.234(3)(b). The court will *not* hear evidence concerning minor construction, GOMAR, or "the nature, extent or value of the new property or new improvements to property." ORS 311.234(3)(b)(B).

---

[10] Plaintiff did not attach the Exhibit 1 she referenced.

### III. CONCLUSION

Upon careful consideration, the court dismisses Plaintiff's appeal for the 2021-22 tax year because she did not first appeal to the board, has not alleged a 20 percent error in the subject property's 2021-22 real market value, and has not demonstrated "good and sufficient cause" for failing to appeal to the board. The court dismisses Plaintiff's claim under ORS 311.205 because that statute does not authorize a right of appeal except where the assessor makes a correction. The court allows Plaintiff's claim under ORS 311.234(2)(b) to proceed for the 2023-24 tax year because Plaintiff alleged that Defendant added nonexistent property as new property or new improvements to property in a prior tax year. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted with respect to Plaintiff's appeal for the 2021-22 tax year and her claim under ORS 311.205.

IT IS FURTHER ORDERED that Defendant's motion to dismiss is denied with respect to Plaintiff's appeal for the 2023-24 tax year under ORS 311.234(2)(b).

IT IS FURTHER ORDERED that, within 30 days, the parties shall confer and file a written status report with the court proposing next steps, such as a trial or written briefing.

Dated this _____ day of April 2024.

_____

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on April 26, 2024.***