IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| BROKEN TRAIL LLC, NIKLAS GOERTZEN, and DIANE ALLEN, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 240418N |
| v. | ) ) | |
| DESCHUTES COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

On May 20, 2024, Plaintiffs appealed the real market value (RMV) of property identified as account 126548 (subject property) for the 2023-24 tax year. (Compl at 1.) Plaintiffs maintain that the subject property's 2023-24 RMV is too low and should be increased. (*Id.* at 4.) Defendant moved to dismiss Plaintiffs' Complaint because Plaintiffs failed to first appeal to the board of property tax appeals (board), and because Plaintiffs are not aggrieved. (Def's Mot to Dismiss at 2-3.) During the case management conference held June 26, 2024, Plaintiffs' representative raised additional issues that do not appear to fall within this court's subject matter jurisdiction. Plaintiffs declined to submit a written response to Defendant's Motion to Dismiss, relying instead on their representative's statements during the case management conference. The matter is now ready for determination.

## I. STATEMENT OF FACTS

For the 2023-24 tax year, Defendant determined that the subject property had an RMV of $52,000 and placed that value on the tax roll. (Compl at 6.) That was a decrease from the subject property's 2022-23 RMV, which was $159,720. (*Id.*) Plaintiffs take issue with the decrease in RMV that followed Defendant's "evaluation" of the subject property in late 2022. (*Id.* at 4.) Plaintiffs clarify that the dispute "has nothing to do with taxes[.]" (*Id.* at 5.) Instead,

Plaintiffs claim to be aggrieved due to the impact that the RMV reduction had on Plaintiffs' plans to construct a home on the subject property. (*Id.*) Specifically, Plaintiffs claim that the "devaluation" of RMV "is now becoming a high stress point in negotiating the beginnings of building our home." (*Id.*) Plaintiffs believe that the accurate 2023-24 RMV is $168,683 and request that the court order that change. (*Id.* at 4.) Defendant denies that the 2023-24 property tax assessment diminished the subject property's RMV. (Answer at 2.)

During the case management conference, Plaintiffs alleged that Defendant rezoned the subject property from a residential lot to a recreation lot.[1] (*See also* Compl at 4 (explaining the subject property is in an area "with a mix of residential and recreation lots").) Defendant disputed that assertion, explaining that it does not have the authority to rezone property and that Plaintiffs must take up zoning matters with the county's community development department. (*See also id.* at 9 (letter from Community Development Department).) Plaintiffs reaffirmed that their appeal does not involve a tax dispute, but instead concerns their ability to get a loan as well as questions from their builders and other interested parties. Plaintiffs explained that they did not first appeal to the board because they believed the property tax statement instructed them to first contact Defendant and then appeal to this court. (*See also id.* at 5 (property tax statement does not address "appeal for a DEVALUATION of property") (emphasis in original).)

## II. ANALYSIS

The issue presented is whether Defendant's Motion to Dismiss should be granted. Specifically, (1) whether Plaintiffs have presented a claim within this court's subject matter jurisdiction; (2) whether Plaintiffs are aggrieved; and (3) whether Plaintiffs' appeal is timely. In

[1] When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider "matters outside the pleading, including affidavits, declarations and other evidence." *Work v. Dept. of Rev.*, 22 OTR 396, 397-98, *aff'd,* 363 Or 745, 429 P3d 375 (2018).

considering a motion to dismiss, the court accepts as true facts alleged by Plaintiffs. *See Work*, 22 OTR at 397-98. The court considers each basis for dismissal in turn.

A.  *The Court Must Have Subject Matter Jurisdiction Over Each of Plaintiffs' Claims*

Plaintiffs state that this appeal "has nothing to do with taxes" and raise concerns about zoning and land use permissions. Thus, an initial question is whether this court has jurisdiction over Plaintiffs' claims. The tax court is "the sole, exclusive, and final judicial authority for the hearing and determination of all questions of law and fact arising from tax laws of this state." ORS 305.410(1);[2] *see also Sanok v. Grimes*, 294 Or 684, 701, 662 p2d 693 (1983) (the court's jurisdiction includes "questions which much be resolved in order to decide taxability or the amount of tax"). To determine whether a claim arises under the tax laws of this state, the court considers the nature of the relief requested and "whether the legislature affirmatively located jurisdiction over [the] claim elsewhere." *Perkins v. Dept. of Rev.*, 22 OTR 370, 375 (2017).

Claims pertaining to the RMV of property are generally within this court's subject matter jurisdiction, and the legally permissible uses of land are relevant to RMV. *See* OAR 150-308-0240 (highest and best use of property considers what is legally permissible). However, the court does not have jurisdiction to change the zoning of property or grant land use permissions. *See, e.g., Curti v. Josephine County Assessor*, TC-MD 230087N (Apr 5, 2024) (court cannot appoint a forest ranger or surveyor to assist taxpayer to qualify parcel for forestland special assessment); *see also* ORS 197.805 to 197.855 (establishing and describing land use board of appeals). Plaintiffs did not cite any specific statutes demonstrating the court's authority to hear such issues. To the extent Plaintiffs seek to challenge zoning or land use decisions, those claims are outside of the court's jurisdiction and must be dismissed.

_____

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

B.       *Plaintiffs Must Be Aggrieved in Their Claims*

To appeal to this court, ORS 305.275(1)(a) requires a taxpayer to be "aggrieved by and affected by an act, omission, order, or determination of" the county assessor. To be "aggrieved," a taxpayer must have an "immediate claim of wrong." *See Kaady v. Dept. of Rev.*, 15 OTR 124 (2000) (holding that a taxpayer was not aggrieved where the assessed value of property was less than the requested RMV because any change would not impact tax liability; potential harms unrelated to property tax did not create aggrievement). Generally, for a taxpayer to have an "immediate claim of wrong," the alleged RMV of a property must be lower than its maximum assessed value, such that a reduction in RMV would reduce the property taxes owed. *See id.* at 124-25; *see also 4310 Building LLC v. Multnomah County Assessor,* TC-MD 190134G, 2019 WL 4783490 at *3 (Or Tax M Div, Sept 30, 2019) (declining to order RMV reduction based on taxpayer's alleged lack of city services where RMV reduction would not reduce tax liability or have any other "practical effect").[3]

Defendant contends that Plaintiffs' Complaint should be dismissed for lack of aggrievement because Plaintiffs request an *increase* in RMV, which would not result in any tax savings to Plaintiffs. Plaintiffs appear to concede this point, admitting that the case "has nothing to do with taxes." Instead, Plaintiffs focus on other alleged harms associated with an understated RMV: their ability to get a loan and respond to questions from their builder. Those harms are speculative at this point and apart from Plaintiffs' tax liability. Plaintiffs have therefore failed to demonstrate that they are aggrieved within the meaning of ORS 305.275(1)(a).

---

[3] In *Seneca Sustainable Energy, LLC v. Dept. of Rev.*, 363 Or 782, 796-97, 429 P3d 360 (2018), the court found taxpayer was aggrieved by the RMV of a property exempt from taxation under the enterprise zone exemption program because the RMV was used to calculate taxpayer's public benefit contribution for the tax years at issue. The inflated public benefit contribution was a direct pecuniary harm resulting from the RMV. *Id.* at 798.

C.       *Plaintiffs Must Follow the Proper Appeal Process*

ORS 305.275(3) and ORS 309.100(2) require a taxpayer challenging RMV to first file an appeal with the local board before filing an appeal with this court. *See also Hopson v. Douglas County* Assessor, TC-MD 230459N, 2024 WL 2160933 (Or Tax M Div, April 26, 2024) (dismissing claim because taxpayer did not first appeal to the board or qualify for an exception to this rule). When a taxpayer fails to appeal to the board, this court may nevertheless hear the appeal if the taxpayer qualifies for one of the two circumstances described in ORS 305.288: taxpayer must either (1) allege a valuation error greater than or equal to twenty percent on property used as a dwelling or (2) demonstrate "good and sufficient cause" for failing to pursue their statutory right of appeal to the board regarding any property type.

The subject property does not qualify for the first circumstance (20 percent error) because it was bare land and not used as a dwelling. *See Shevtsov v. Dept. of Rev.*, 24 OTR 83, 87 (2020) (discussing meaning of the term "dwelling" and concluding that "the lack of a structure prevents the property from qualifying as a 'dwelling' within the meaning of" ORS 305.288(1)(a)). The subject property does not qualify for the second circumstance (good and sufficient cause) because Plaintiffs have not alleged any facts that might satisfy the standard. At most, it appears Plaintiffs failed to appeal to the board due to lack of knowledge (misunderstanding the appeal instructions), which is specifically excluded from the definition of good and sufficient cause. *See* ORS 305.288(5)(b)(B) ("good and sufficient cause * * * [d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information"). Plaintiffs were required to appeal the subject property's 2023-24 RMV to the board and have failed to demonstrate that a circumstance under ORS 305.288 applies.

### III. CONCLUSION

Upon careful consideration, the court grants Defendant's Motion to Dismiss. The court lacks subject matter jurisdiction over Plaintiffs' land use claims; Plaintiffs are not aggrieved in their 2023-24 RMV claim; and Plaintiffs did not first appeal to the board or demonstrate that they qualify for a circumstance under ORS 305.288. Now therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted; Plaintiffs' appeal for the 2023-24 tax year is dismissed.

Dated this _____ day of September 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on September 6, 2024.*